UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEROY SULLIVAN,

    Petitioner,

v.

                                      Case No.: 8:10-cv-2439-T-24-EAJ
                                      Case No.: 8:02-cr-122-T-24EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

       This cause is before the Court upon Petitioner Leroy Sullivan's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255, and memorandum of law filed in support of the motion. (Civ. Doc. Nos. 1, 5; Cr. Doc. No. 889.) Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.    Background**

       On December 30, 2002, Petitioner pled guilty to Count One of the Superceding Indictment, which charged him with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and §§ 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii), and 841(b)(1)(B)(vii). (Cr. Doc. No. 319.) Petitioner was sentenced on June 20, 2003 to 151 months imprisonment. (Cr. Doc. Nos. 476, 477.) He was sentenced as a career offender under Section

4B1.1 of the U.S. Sentencing Guidelines.  He did not file a direct appeal.

On June 18, 2004, Petitioner filed a Section 2255 motion, claiming that his appeal waiver did not bar his Section 2255 motion, that the Court erred in sentencing him as a career offender, and that his counsel as ineffective.  (Cr. Doc. No. 662.)  The Court denied that motion on March 25, 2005.  (Cr. Doc. No. 675).

On September 25, 2008, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to a reduction in his sentence under Amendment 706 of the U.S. Sentencing Guidelines.  (Cr. Doc. No. 755.)  The Court denied that motion on February 2, 2009, ruling that, because Petitioner was sentenced as a career offender under Section 4B1.1, Amendment 706 did not have the effect of lowering his guideline range.  (Cr. Doc. No. 800.)  Petitioner appealed that order, and it was summarily affirmed by the Eleventh Circuit Court of Appeals on October 2, 2009.  (Cr. Doc. Nos. 801, 819, 858.)

On November 1, 2010, Petitioner filed the instant petition, which the Court construes as a successive § 2255 motion.  (Cr. Doc. No. 889; Civ. Doc. Nos. 1, 5.)

**II.     Discussion**

Petitioner contends that he is entitled to a reduction in his sentence pursuant to the Fair Sentencing Act of 2010 and Amendment 715 of the U.S. Sentencing Guidelines.  However, because his petition is untimely and a successive filing, and because neither the Fair Sentencing Act nor Amendment 715 provide Petitioner any relief, the petition must be denied.

**A.     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the

following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner did not appeal his conviction. His conviction became final when the time for filing an appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). For federal prisoners, the time for filing a direct appeal expires 14 days after the written judgment of conviction is entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6). The judgment against Petitioner was entered on the criminal docket on June 23, 2003. Therefore, Petitioner's conviction became final on July 7, 2003.

Petitioner had one year from July 7, 2003 in which to file his § 2255 motion, or July 7, 2004. Petitioner, however, did not file the instant motion until October 26, 2010. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). The motion is therefore time barred unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with

the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Petitioner has not met this burden. As a result, his § 2255 motion is untimely and must be denied.

### B. Successive Filing

Additionally, this petition must be denied as it is an improper successive filing. This is the second petition under Section 2255 that Petitioner has filed. His first Section 2255 petition, was filed on June 18, 2004, and denied by this Court on March 25, 2005.

Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit before being filed in this Court. No such certification was obtained in this case. Accordingly, the instant Section 2255 petition must be denied as an improper successive filing.

### C. Motion for Reduction of Sentence under 18 U.S.C. § 3582

Alternatively, if the Court construes this petition as a motion for reduction of sentence under Section 3582, it still must be denied. Petitioner contends that he should be re-sentenced in accordance with the Fair Sentencing Act of 2010, S. 1789, 111th Cong. (2010), which reduced the disparity in penalties for crimes involving the use of crack and powder cocaine. That law, however, is not retroactive, and therefore, does not provide any relief for Petitioner.

Petitioner furthermore argues that he is entitled to a reduction in his sentence under Amendment 715 to the sentencing guidelines. Amendment 715 provided for a two-level reduction in the base offense levels for most offenses involving cocaine base and at least one other controlled substance. Petitioner contends that he is entitled to a two-level reduction in his base offense level under this amendment.

This motion must be denied because Petitioner was sentenced as a career offender. A

defendant is eligible for a reduction in sentence under 18 U.S.C. Section 3582(c)(2) only when the defendant is "sentenced to a term of imprisonment based on a sentencing range that [is] subsequently lowered by the Sentencing Commission." Because Petitioner was sentenced as a career offender under U.S. Sentencing Guidelines Section 4B1.1–the career offender provision–, Amendment 715 does not have the effect of lowering Petitioner's applicable guideline range. In fact, had Petitioner been sentenced after the effective date of the amendment, it would have no effect on his sentence and the Court could have imposed the same sentence.

Because Petitioner's offense level was controlled by Section 4B1.1, and not by Section 2D1.1–the underlying offense level–Petitioner is not eligible for a reduction in his sentence. *See United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (holding that when a defendant is sentenced as a career offender and his guideline range is determined on that basis, he is not entitled to resentencing under Section 3582(c)(2) because his guideline range would not change).

### III. Conclusion

Accordingly, Petitioner's motion to vacate sentence is **DISMISSED**. The clerk is directed to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

      **DONE AND ORDERED** at Tampa, Florida, this 13th day of January, 2011.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

Pro Se Petitioner